# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KELLEY A. AIKEN** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **BAYHEALTH MEDICAL CENTER, INC.,** | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Kelley A. Aiken ("Aiken" or "Plaintiff") is a resident of the State of Delaware residing at 1772 Berrytown Road, Felton, DE 19943.

2. Defendant Bayhealth Medical Center ("Defendant" or "Defendant") is a Delaware corporation whose registered agent for service of process is Bayhealth Medical Center, 640 South State Street, Dover, Delaware 19901.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII") and the Delaware Discrimination in Employment Act ("DDEA"), 19 *Del. C.* § 710, *et seq*.

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

5. Venue for all causes of action stated herein lies in the District of Delaware pursuant to 28 U.S.C. § 1391(b), as the acts alleged as the basis for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and under the Delaware Discrimination in Employment Act to redress the wrongs done to her by Defendant's discrimination against her on the basis of her religion.

7. Plaintiff timely submitted a complaint of discrimination based on her religion to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the EEOC.

9. Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the EEOC Notice of Right to Sue.

10. Plaintiff was hired by Defendant as a Nurse Practitioner/Coordinator on or about September 6, 2016.

11. Plaintiff held the position of Nurse Practitioner/Coordinator at the time of her discharge.

12. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

13. On August 12, 2021, Governor John Carney ordered that all Delaware state health care employees, which included Defendant's employees, to either become vaccinated or submit to regular testing for the COVID-19 virus by September 30, 2021.

14. On November 5, 2021, the Centers for Medicare and Medicaid Services ("CMS") issued a COVID-19 vaccine mandate.

15. The CMS vaccine mandate required that health care facilities ensure their covered staff were vaccinated against COVID-19, but also required that such facilities offer medical and religious exemptions.

16. Pursuant to the CMS mandate, a facility was considered 100% compliant when all of its staff were either vaccinated or had a medical or religious waiver.

17. Plaintiff holds a sincere religious belief that prevents her from being inoculated with the COVID-19 vaccine.

18. On November 11, 2021, Plaintiff submitted a request for an exemption to the COVID-19 immunization based on her sincerely held religious beliefs.

19. Plaintiff's request for an exemption was accompanied by a letter from her pastor.

20. The request detailed the basis for Plaintiff's sincerely held religious belief, specifically noting, *inter alia*, her belief that the use of fetal stem cells in the

development or testing of the COVID-19 vaccines would violate the Bible's command to honor the Lord with her body.

21. The letter from her pastor noted the Bible holds that if a person regards something as unclean, then to that person it is unclean.

22. Plaintiff declined the flu vaccine for religious reasons in 2020 and 2021 with no repercussions.

23. On December 14, 2021, Defendant informed Plaintiff via letter that her request for a religious exemption was denied without providing a reason for the denial.

24. On December 16, 2021, Plaintiff emailed Lauren Brittingham requesting approval criteria used by Bayhealth and for an explanation of the appeal process.

25. On December 21, 2021, Defendant's Human Resources department responded by email to Plaintiff stating each exemption was carefully reviewed and that, based on the documentation provided, Plaintiff's was denied.

26. In the same December 21, 2021, email, Plaintiff was informed that her religion had no theological opposition to vaccinations.

27. In the same December 21, 2021 email, Plaintiff was informed that there was no appeal process for these decisions and that the decision regarding her exemption stood as-is.

28. By a letter dated January 26, 2022, a Delaware attorney wrote Terry M. Murphy, President and CEO of Defendant, on behalf of ninety Bayhealth employees, including Plaintiff, requesting Defendant reconsider the denied exemption requests and to comply with its obligations under Title VII.

29. Plaintiff's employment with Defendant was terminated on February 28, 2022.

30. By failing to allow an appeal or otherwise engage in any type of substantive communication regarding Plaintiff's request for an exemption, Defendant failed to engage in an interactive process to determine whether an exemption was warranted or whether a reasonable accommodation was available.

31. Plaintiff was subjected to differential treatment on the basis of her sincerely held religious beliefs by agents of the Defendant, including but not limited to retaliation and termination of her employment.

32. The reason proffered by Defendant for Plaintiff's termination, i.e., denial of her request for a religious exemption because Defendant believed her religion had no theological opposition to vaccines, failed to comply with federal and state laws prohibiting discrimination and retaliation based on sincerely held religious beliefs.

33. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

34. The wrongful acts committed by the Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

## COUNT I - TITLE VII

35. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 34 hereinabove.

36. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 42 U.S.C. § 2000e *et seq*.

37. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 42 U.S.C. § 2000e *et seq*.

38. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

   a. back pay, including interest;

  b. reinstatement, if feasible, or in the alternative, front pay;

  c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

  d. punitive damages;

  e. pre-judgment and post-judgment interest;

  f. attorney's fees; and

  g. any other relief that this Court deems just.

## COUNT II – DDEA

39. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 36 hereinabove.

40. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 19 *Del. C.* § 710, *et seq*.

41. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 19 *Del. C.* § 710, *et seq*.

42. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited

to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a. back pay, including interest;

b. reinstatement, if feasible, or in the alternative, front pay;

c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d. punitive damages;

e. pre-judgment and post-judgment interest;

f. attorney's fees; and

g. any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By: */s/ Gary E. Junge*
GARY E. JUNGE, ESQUIRE
Bar I.D. # 6169
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorney for Plaintiff

Dated:  January 13, 2023